IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. BURNS, #B85256, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19−cv−00240−SMY |
| | ) |
| SUPREME COURT OF ILLINOIS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner James Burns, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his murder conviction in Saline County, Illinois. *See People v. Burns*, Case No. 05-CF-3 (1st Judicial Circuit).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Burns' claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Burns is not entitled to habeas relief.

### Substitution of Proper Respondent

In habeas actions challenging present custody, the proper Respondent is the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). The "default rule" is that the proper respondent is the "warden of the facility where the prisoner is being held." *Id.* at 434-35. Rule 2(a) of the Rules Governing

1

Section 2254 Cases requires that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Burns is in custody at Menard Correctional Center, so the proper Respondent to this action is that facility's warden, *i.e.*, Acting Warden Frank Lawrence. Accordingly, the Supreme Court of Illinois will be replaced as the Respondent by Frank Lawrence.

## Disposition

The Clerk of Court is **DIRECTED** to **TERMINATE** the Supreme Court of Illinois as the respondent in the Case Management/Electronic Filing ("CM/ECF") system and **ADD** Frank Lawrence as the respondent instead.

**IT IS HEREBY ORDERED** that Respondent Lawrence shall answer or otherwise plead **on or before June 5, 2019**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/6/2019**

s/ STACI M. YANDLE
**United States District Judge**
