**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES R. BURNS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-CV-240-SMY** |
| | ) | |
| **ACTING WARDEN FRANK** | ) | |
| **LAWRENCE,** | ) | |
| | ) | |
| **Respondent.** | | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Petitioner James R. Burns, a state prisoner incarcerated at Western Illinois Correctional Center, filed a Petition for Writ of Federal Habeas Corpus pursuant to 28 U.S.C. § 2254 seeking to vacate his first-degree murder conviction (Doc. 1). He raises the following grounds for relief:

1. His conviction following the withdrawal of his initial guilty plea violated the double jeopardy clause, due process, and the right to a fair trial, and his counsel was ineffective for failing to raise these theories;

2. His conviction violated his right to a speedy trial; and

3. The Supreme Court of Illinois failed to "answer" 10 motions that he filed.

Respondent opposes issuance of the writ and seeks dismissal of the Petition with prejudice (Doc. 26), and Burns replied (Doc. 30).

This matter is now ripe for resolution. For the following reasons, Burns' Petition will be **DISMISSED.**

**Factual Background**

In 2006, Burns pled guilty to the first-degree murder of Edwin Condon.  He ultimately withdrew his guilty plea after a successful appeal (Docs. 27-1, 27-2, pp. 34-36).  Following a jury trial in January 2012, Burns was convicted of one count of first-degree murder in Saline County, Illinois.  *People v. Burns*, Case No. 05-CF-3 (1st Judicial Circuit).  On April 15, 2014, the Appellate Court of Illinois, Fifth District affirmed his conviction and sentence on direct appeal (Doc. 27-5, pp. 1-3).  Burns did not timely file a Petition for Leave to Appeal ("PLA"), but later filed a motion seeking leave to file a late PLA.  The Illinois Supreme Court denied the motion on September 26, 2017 (Doc. 27-5, p. 4).  Burns filed the instant habeas corpus action on February 26, 2019.

**Discussion**

A one-year deadline applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d).  This deadline commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Under Illinois Supreme Court Rule 315(b), a party seeking leave to appeal must file a petition in the Illinois Supreme Court within 35 days of entry of the Appellate Court's order.  When a state prisoner does not seek review in the State's highest court, the judgment of conviction becomes final when the time for seeking review expires. See, *Gonzalez v. Thaler,* 565 U.S. 134, 149-154 (2012).

Because the Illinois Supreme Court did not allow Burns to file a late PLA, his limitations period began to run on May 20, 2014 (35 days after the decision of the appellate court affirming his conviction and sentence) and the deadline for the filing of his § 2254 Petition was May 20, 2015.  Thus, the Petition herein, filed in February 2019, is untimely. Burns argues that other filings he made to the Illinois Supreme Court tolled the one-year statute of limitations as "he had active

cases file [sic] in Illinois Supreme Court" (Doc. 30, p. 14).  However, none of these filings (mandamus and reconsideration motions) tolled the statute of limitations.  28 U.S.C. § 2244(d).

Even if Burns could establish that his Petition was timely through equitable tolling, his first two claims are procedurally defaulted because he did not properly raise them in the state courts. Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. §2254(c).  Under the Illinois two-tiered appeals process, petitioners must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one.  *Id.*

Here, Burns argues that he was denied the right to a speedy trial, his 2012 conviction following the withdrawal of an initial 2006 guilty plea violates double jeopardy, due process, and fair trial rights, and his counsel was ineffective for not raising these theories.  But he did not raise these issues through a complete round of state court review; he never presented his claims to the Illinois Supreme Court as he was denied leave to file a late PLA. With respect to Burns' final claim, that the Illinois Supreme Court refused to consider his late filings, those filings do not implicate constitutional issues upon which this Court may grant habeas relief.  *United States v. Addonizio*, 442 U.S. 178, 186 (describing the kinds of actions that fall within the established standards of collateral attack).

## Disposition

For the foregoing reasons, Petitioner James R. Burns' Habeas Corpus Petition is **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**Certificate of Appealability**

For the reasons detailed above, the Court has determined that Petitioner has not made a substantial showing of the denial of a constitutional right and that no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  August 11, 2022**

**STACI M. YANDLE**
**United States District Judge**